**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Empyreal Transportation LLC, et al., | No. CV-24-00287-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Volvo Group North America LLC, | |
| Defendant. | |

This is an action for breach of contract, breach of the duty of good faith and fair dealing, and products liability. Plaintiff Empyreal Transportation, LLC is a freight carrier based in Scottsdale engaged in commercial long-haul trucking. Plaintiff Emil Corb is the sole owner and member of the LLC.

In July 2017, Plaintiffs purchased a truck manufactured by the defendant, Volvo Group North America LLC (Volvo). Plaintiffs allege the purchase came with a warranty to cover certain repairs for 12 to 60 months and that they would not have purchased the truck without the warranty. In December 2019, the truck started to have operating problems, including vibrations and, later, trouble driving uphill. Plaintiffs allege Volvo repeatedly refused to cover the needed repairs in bad faith until the warranty expired. Plaintiffs also allege the truck was defectively designed, manufactured, and produced. Plaintiffs brought this case in state court on December 6, 2023, and Defendant removed to the District Court based on diversity jurisdiction on February 12, 2024.

Before the Court are Defendant's three Motions for Sanctions (Docs. 45, 46, 47).

**I.     Motion for Sanctions Re: Plaintiff's Expert, David McLellan (Doc. 45)**

After many continuances and extensions and the resolution of a discovery dispute,[1] the Court's Third Amended Rule 16 Scheduling Order (Doc. 30) required the parties to disclose the identities of all persons who may be used at trial to present evidence under Federal Rules of Evidence 701-705, and to provide a Rule 26(a)(2)(B) report for any such person "retained or specifically employed to provide expert testimony," no later than June 9, 2025. All discovery and any supplementation were to be completed by October 10, 2025, "including material changes in expert witness opinions and material disclosures…of all witnesses to be called at trial."

Although Plaintiffs did not list Mr. McLellan in their initial Rule 26 Disclosure statement, Defendant was aware of Mr. McLellan due to a "Preliminary Opinion and Declaration of Plaintiffs' Expert Witness David R. McLellan" filed on November 16, 2024. (Doc. 24). Beginning in August 2025, Defendant worked with Plaintiffs over the course of nearly two months attempting to schedule and conduct Mr. McLellan's deposition. Plaintiffs repeatedly cancelled and rescheduled the deposition. Finally, Mr. McLellan's deposition was scheduled for October 8, 2025, at the library in Holly, Michigan, Mr. McLellan's home city. While defense counsel was *en route* to Michigan to conduct the deposition, Plaintiff's counsel once again emailed and advised that Mr. McLellan would not be attending. In August, Mr. McLellan's wife had apparently suffered a bad fall, resulting in serious injuries, which Plaintiffs assert was the cause of and necessitated each of the aborted deposition attempts. Plaintiffs served their First Supplemental Rule 26 Disclosure Statement, listing Mr. McLellan as an expert for the first time, and a "Supplemental Opinion and Declaration of Plaintiffs' Expert David R. McLellan" exceptionally late in the day on October 10, 2025, the final day for supplementation of discovery.

Defendant asks the Court to exclude Plaintiff's expert David McLellan, his reports,

---

[1] On July 15, 2025, the Court entered an order resolving the dispute, requiring Plaintiffs to respond to Defendants' interrogatories and requests for production, and advised the parties there would be no further extensions of discovery deadlines. (Doc. 33).

and the information contained therein (1) because Plaintiffs failed to make him available for deposition prior to the close of discovery on October 10, 2025, despite repeated attempts by Defendant to schedule and conduct the deposition, and (2) Mr. McLellan's original report did not conform to the requirements of 26(a)(2)(B) and his supplemental report was beyond the scope of appropriate supplementation. Defendant also requests an award of costs and fees associated with counsel's final attempt to conduct Mr. McLellan's deposition.

Plaintiffs argue all the difficulties with the deposition are, in fact, due to Defendant's bad faith refusal to make accommodations in light of Mr. McLellan's wife's continuing medical condition. Plaintiffs argue Defendants should have expected potential cancellations of the deposition, and that Defendants' insistence on complying with discovery deadlines "created a recipe for failure that culminated in the cancellation of the October 8th deposition, due to Mr. Mclellan's [sic] wife's medical condition."

The Court is not persuaded that the medical condition of a plaintiff's expert's wife excuses a plaintiff from following the rules of civil procedure and the orders of the Court. If Defendants were in fact uncooperative, Plaintiffs' remedy was to seek assistance from the Court. Additionally, the communications between the parties provided to the Court demonstrate Defendant repeatedly made reasonable attempts to cooperate and accommodate, which is not bad faith. Defendant is not obligated to capitulate to every request and Plaintiffs are not entitled to infinite patience and tolerance from Defendant at its expense.

As such, the Court will order Plaintiff to pay all expenses incurred by Defendant in preparing for and appearing for the cancelled October 8 deposition. Additionally, the Court will order Plaintiffs to make Mr. McLellan available promptly for deposition at Defendants' convenience and Plaintiffs are ordered to bear all Defendant's associated costs. Should Plaintiffs fail to fulfill these requirements, the Court will be strongly inclined to preclude Mr. McLellan as an expert and exclude his reports and opinions. Whether Mr. McLellan's reports meet the requirements of the Federal Rules of Civil Procedure and the

Court's orders will be resolved in due course after the deposition is concluded.

## II.     Motion for Sanctions Re: Untimely Disclosure of Scott Leon (Doc. 46)

Next, Defendant asks the Court to exclude Scott Leon, his opinions, and the foundation therefor because his identity was disclosed after the deadline for disclosure of witnesses under Federal Rules of Evidence 701-705.

In response, Plaintiffs argue Mr. Leon's disclosure was timely because he is a fact witness who "will limit his testimony to his measurements, analysis and "inspections." (Doc. 49 at 2). While Plaintiffs assert "in no manner will Mr. Leon be testifying as an expert witness at trial or otherwise," (Doc. 49 at 3), they do not offer any explanation for what they believe differentiates Mr. Leon's testimony from expert testimony other than the assertion that "Mr. Leon will not be providing his opinions at trial." (Doc. 49 at 2).

Testimony in the form of an opinion is not the defining characteristic of an expert witness. Federal Rule of Evidence 702 states: "A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion *or otherwise…*" (emphasis added). The Advisory Committee's Note points out the assumption "that experts testify only in the form of opinions…is logically unfounded." Fed. R. Evid. 702 Advisory Committee's Note. Plaintiffs' assertion that Mr. Leon, a mechanic whose services were obtained to inspect the vehicle in anticipation of litigation, will not give opinions does not as a matter of law protect and preclude Mr. Leon from the opinion testimony requirements of Rule 702.

Although Plaintiffs did not elaborate in support of their arguments, the Court will provide further illumination to clarify the ruling. In cases involving testimony by physicians, treating physicians may be called as fact witnesses when they testify to observations based on their personal knowledge acquired in the course of their treatment of a patient. The mere fact they possess special skill and qualifications that enabled them to conduct such treatment does not render their testimony beyond the realm of factual testimony.

> "A fact witness typically testifies about information he or she has acquired independent of the litigation, the parties, or the

> attorneys. *See Schreiber v. Estate of Kiser*, 22 Cal.4th 31, 91 Cal.Rptr.2d 293, 989 P.2d 720, 723 (1999) ("[W]hat distinguishes the treating physician from a retained expert is not the content of the testimony, but the context in which he became familiar" with the medical information.); *see also Indem. Ins. Co. of N. Am. v. Am. Eurocopter L.L.C.*, 227 F.R.D. 421, 423–24 (M.D.N.C.2005) ("When the treating physician goes beyond the observations and opinions obtained by treating the individual and expresses opinions acquired or developed in anticipation of trial, then the treating physician steps into the shoes of an expert...."). Other than reviewing his or her own records, a medical fact witness will not usually be required to perform additional work, investigation, or review in order to answer questions."

State ex rel. Montgomery v. Whitten, 262 P.3d 238 (Ariz. Ct. App. 2011). Mr. Leon appears not comparable to a treating physician. Treating physicians are not retained specifically for litigation purposes. Mr. Leon, on the other hand, inspected the vehicle and made his observations and measurements specifically in preparation for this litigation.

As such, Plaintiffs may not bypass the requirements of Rule 702 by simply making the bare assertion that Mr. Leon is not an expert without establishing he is comparable to the hypothetical treating physician. Mr. Leon was first disclosed on October 10, 2025, in Plaintiffs' First Supplemental Disclosure Statement. This disclosure was well after the June 9, 2025, deadline for disclosure of witnesses under Federal Rules of Evidence 701-705 and deprived Defendant of the opportunity to fairly address Mr. Leon's anticipated testimony. Plaintiffs provide no legal or acceptable justification for this. Accordingly, the Court will exclude Mr. Leon and his inspections and testimony.

### III. Motion for Sanctions for Untimely Disclosure and Failure to Provide Damages Computation (Doc. 47)

Finally, Defendant requests Plaintiffs be precluded from presenting any evidence of their alleged damages because their damages calculations and supporting documentation were untimely disclosed. Plaintiffs contend such a sanction is not warranted because "most" of the supporting documents were provided by October 10, 2025, the deadline for supplementation of discovery, and Defendant has "demonstrated no harm or prejudice with respect to the disclosures of the supporting documentation for the Plaintiffs' damage

calculations." (Doc. 59 at 6).[2] Plaintiffs also claim to have disclosed their initial damage calculations in their Rule 26 Disclosure Statement (Doc. 45-1) on March 26, 2024. (Doc. 59).

Precluding Plaintiffs from presenting any evidence of their alleged damages is too harsh a sanction and essentially precludes their claim in the entirety. "Where a Rule 37(c)(1) sanction will amount to dismissal of a claim, the Court must consider whether the claimed noncompliance involved willfulness, fault, or bad faith, and consider the availability of lesser sanctions." *Popovic v. Spinogatti*, 2016 WL 2893426 (D. Ariz. 2016); *see also R&R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012). At this juncture the Court does not find Plaintiffs' conduct so egregious as to require dismissal or utter preclusion of support for damages, but review of the record reveals Plaintiffs' conduct does demonstrate minimal, if any, attempt to meaningfully comply with the Rules of Civil Procedure. Plaintiffs have also failed to explicitly establish—or to meaningfully argue—that their conduct is substantially justified or harmless. As such, the Court will deny without prejudice Defendant's Motion to preclude Plaintiffs from presenting evidence of damage calculations and supporting documentation.

### IV.   Final Completion of Discovery and Further Proceedings

Due to the Court's ruling, the Interim Status Conference will be vacated and reset to allow for completion of the deposition of Plaintiff's expert, David McLellan, and any limited relevant discovery necessitated by the deposition. The parties are to meet and confer to establish the final date for close of discovery; the date for the Interim Status Conference two weeks after the close of discovery; and the date for filing motions for summary judgment, not to exceed two weeks after the Interim Status Conference. The parties are to file a Proposed Joint Scheduling Order by January 6, 2026.

**IT IS ORDERED** Defendant's Motion for Sanctions re: Plaintiffs Expert (Doc. 45) is **GRANTED IN PART**.

---

[2] *See Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008) (Rejecting the argument that Plaintiffs were required to articulate how they were prejudiced by Defendants' failure to comply with disclosure requirements).

**IT IS FURTHER ORDERED** Plaintiffs shall pay all expenses incurred by Defendant in preparing and appearing for the cancelled October 8 deposition.

**IT IS FURTHER ORDERED** Plaintiffs shall make Mr. McLellan available promptly for deposition at Defendants' convenience. Plaintiffs shall bear all Defendant's fees and costs associated with the deposition.

**IT IS FURTHER ORDERED** Defendant's Motion for Sanctions: Re Plaintiff's Untimely Disclosure of Scott Leon (Doc. 46) is **GRANTED**. Scott Leon and his inspections are excluded from use in any motion or at trial.

**IT IS FURTHER ORDERED** Defendant's Motion for Sanctions for Untimely Disclosure and Failure to Provide Damages Computation (Doc. 47) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** the Interim Status Conference scheduled for December 18, 2025, at 3:00 p.m., is **VACATED**.

**IT IS FURTHER ORDERED** the Parties shall meet and confer and agree to a new date for close of discovery; the date for the Interim Status Conference two weeks after the close of discovery; and the date for filing motions for summary judgment not to exceed two weeks after the Interim Status Conference. The Parties will file a Joint Proposed Scheduling Order by **January 6, 2026**, setting forth these dates.

Dated this 15th day of December, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge