**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Empyreal Transportation LLC, et al., | No. CV-24-00287-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Volvo Group North America LLC, | |
| Defendant. | |

On December 16, 2025, the Court granted in part Defendant's Motion for Sanctions and ordered Plaintiff "to pay all expenses incurred by Defendant in preparing for and appearing for the cancelled October 8 deposition." (Doc. 65 at 3). Pursuant to this order, Defendant filed a Motion for Attorney Fees on January 22, 2026 (Doc. 68), to which Plaintiff responded (Doc. 69), and Defendant replied (Doc. 70). For the reasons that follow, the Motion will be granted.

## I.    LEGAL STANDARDS

A party seeking an award of attorney's fees must show it is eligible for and entitled to an award, and that the requested amount is reasonable. LRCiv 54.2(c). Rule 16 provides a court must order a party to pay the reasonable expenses incurred as a result of noncompliance with Rule 16, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Additionally, Rule 37 provides authority to impose sanctions of reasonable expenses, including attorney's fees, for a party's failure to obey a discovery order.

## II.   DISCUSSION

Here, Defendant is entitled to recover its costs and fees associated with the cancelled deposition of Plaintiff's expert pursuant to the Court's Order (Doc. 65) granting such fees as a sanction against Plaintiffs for their failure to make their expert available for deposition in violation of the Court's Third Amended Rule 16 Scheduling Order (Doc. 30).

Defendant seeks a total of $8,019.34 in costs and fees associated with the cancelled deposition. This amount is comprised of 18.1 hours of attorney time billed at $325 per hour, 1.7 hours of paralegal time billed at $130 per hour, $1,632.91 in airfare, and $282.93 for service of the deposition subpoena. Plaintiff objects to (1) 11 hours of attorney time billed on October 7, 2025, totaling $3,575.00 in attorney's fees, and (2) $1,632.91 in airfare.

### a.  Attorney Travel Time

Defendant submitted an Itemized Statement of Fees and Costs in support of its application, including 11 hours of attorney time on October 7, 2025, for "travel to and from Minneapolis on the way to Detroit for aborted expert deposition." (Doc. 68-2 at 3). Plaintiff argues these hours were not reasonable because the flight from Phoenix to Minneapolis is a two-and-a-half- to three-hour flight, Plaintiff informed Defense counsel of the cancellation at 11:11 a.m. CDT, and counsel "had the freedom to work on other legal matters at his law office in Minneapolis, Minnesota." (Doc. 69 at 2-3). Plaintiff does not argue Defendant is not entitled to fees for travel time or that counsel's hourly rate is unreasonable.

Plaintiff informed Defense counsel of the cancellation while defense counsel was in the Minneapolis airport for the second leg of his trip to Detroit. Because counsel then had to cancel and rebook flights, "limited availability resulted in Defense counsel having to stay at the airport all day before being able to board the 9:36 p.m. flight from MSP to PHX, which arrived in Phoenix approximately 3.5 hours after takeoff." (Doc. 70 at 3). All together, "more than 11 hours of air and ancillary travel time was expended by defense counsel," but "counsel only charged Defendant for 11 hours of his time." (Doc. 70 at 4).

The Court finds the time expended and billed by defense counsel on travel was reasonable and necessary.

### a. Airfare Costs

Plaintiff next objects to Defendant's request for $1,632.91 for airfare costs, arguing it is not reasonable because "round trip flights from Phoenix to Detroit are around $550." (Doc. 69 at 3). Defendant contends the flight to Minneapolis, as the first leg of the trip to Detroit, was necessary for attendance at the scheduled deposition and as a result of the last-minute cancellation, "defense counsel was forced to cancel multiple flights and rebook a last-minute flight from Minneapolis to Phoenix," which "resulted in increased costs." (Doc. 70 at 4). The Court finds the costs of airfare expended by Defendant was reasonable and necessary.

Accordingly,

**IT IS ORDERED** Defendant's Motion for Attorney Fees (Doc. 68) is **GRANTED**. The Court awards Defendant **$8,019.34** in costs and fees.

Dated this 7th day of April, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge

- 3 -